1
2
3
4
5
6
7

O

8
9
10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16

SALLY ANN MARTINEZ,

Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant.

) Case No. EDCV 12-2249-DTB
)
)
) ORDER RE DISMISSAL OF ACTION
) FOR FAILURE TO PROSECUTE
)
)
)
)
)
)

17
18
19
20
21
22
23
24
25
26

On December 26, 2012, plaintiff filed a Complaint for review of a Social Security decision.  On December 28, 2012, the Court issued its Case Management Order ("CMO").  In ¶ IX (A) of CMO, within twenty-one (21) days of the filing of the Answer, plaintiff was ordered to prepare and deliver to counsel for defendant a draft of her portions of the Joint Stipulation (prepared as described in section VIII, paragraphs A, B, C, D subparagraph a, and E of the CMO).  Plaintiff was further ordered to provide counsel for defendant and the Office of Regional Counsel with a printed copy of her portions of the Joint Stipulation and a computer-readable copy on diskette or via e-mail.

27
28

Defendant's Answer was filed on July 12, 2013.  Therefore, plaintiff's portions of the Joint Stipulation were due on or before August 2, 2013.  On August 29, 2013,

counsel for defendant filed a notice, advising the Court that plaintiff had failed to provide her portions of the Joint Stipulation within the time allotted, thereby failing to properly prosecute this action.

More than twenty-one (21) days from the filing of the Answer had elapsed, and plaintiff had not provided her portions of the Joint Stipulation to counsel for defendant, nor had she requested an extension of time within which to do so. Accordingly, on September 3, 2013, the Court issued an Order to Show Cause ("OSC") ordering plaintiff to either (a) show good cause in writing, if any existed, why the Court should not recommend that this case be dismissed for lack of diligent prosecution and/or failure to comply with the Court's prior Order; or (b) seek an extension of time within which to provide counsel for defendant her portions of the Joint Stipulation and/or provide her portions of the Joint Stipulation to counsel for defendant.

As the Court had not received a response to the OSC from plaintiff, prior to dismissing this action for lack of diligent prosecution and/or failure to comply with the Court's prior Order, the Court ordered counsel for defendant to provide the Court with the status of the Joint Stipulation. Specifically, counsel was to advise the Court as to whether plaintiff had provided her portion of the Joint Stipulation. On October 16, 2013, counsel for defendant advised the Court that plaintiff had still not provided her portion of the joint stipulation to counsel for defendant.

The Court has inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute and/or failure to comply with a Court order. See Link v. Wabash R.R., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); Fed. R. Civ. P. 41(b).

In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination whether to dismiss an action for failure to prosecute: "(1) [T]he public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

2

1  defendants; (4) the public policy favoring disposition of cases on their merits, and (5)

2  the availability of less drastic sanctions." See Carey, 856 F.2d at 1440.

3      In Carey, the Ninth Circuit observed that "[i]t would be absurd to require the

4  district court to hold a case in abeyance indefinitely just because it is unable, through

5  the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not

6  prosecuting his lawsuit are reasonable or not." (Id. at 1441.)

7      Here, the Court finds that the first, second and fifth Carey factors militate in

8  favor of dismissal without prejudice.  As a result of plaintiff's failure to provide her

9  portions of the Joint Stipulation to counsel for defendant, this action has been and

10 will continue to be stalemated.  Moreover, it does not appear to the Court that there

11 are any less drastic sanctions available for the Court to impose.  While the Court finds

12 that the third and fourth Carey factors do not militate in favor of dismissal, the Court

13 has concluded that the other three factors in this instance outweigh the third and

14 fourth factors.

15      LET JUDGMENT BE ENTERED ACCORDINGLY.

16

17 DATED:      October 25, 2013

18

19

20 _____
   DAVID T. BRISTOW
   UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

3